H. AND A. GREGORY v. UNDERHILL, NEWSON & CO.

STATUTE OF FRAUDS. *Sale of fruit trees which will not yield within a year from sale. Contract must be in writing.* A warranty, in a sale of young fruit trees to be planted in an orchard for the purpose of raising fruit for market, that the trees were really harvest apple trees and that they would produce early harvest apples, is a present warranty that the trees are such as they are represented to be and sure articles of the kind, and a warranty that they would at a future time produce a particular fruit, would probably fall within the 5th section of the statute of frauds, and must be in writing, if it appears that in the course of nature the trees would not yield the fruit within one year from the date of the sale.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

ALLEN & COVINGTON for Gregory.

N. D. MALONE for Underhill.

COOPER, J., delivered the opinion of the court.

This suit was commenced by Henry and Andrew Gregory against Underhill, Newson & Co. on the 1st of February, 1879, before a justice of the peace, who rendered a judgment in favor of the defendants. Upon appeal to the circuit court there was a trial by jury, and verdict and judgment for the defendants. The plaintiffs appealed in error to this court.

The plaintiffs are the owners of a large orchard and raise fruit for sale, and the defendants are nurserymen. In the spring of 1872, the plaintiffs claim that they bought from the defendants about 200 small early harvest apple trees, for the purpose of being planted in their orchard. Only three of these trees were of the variety mentioned, the rest proved worthless. Some of these trees bore apples in 1878 and some in 1879. The action was brought for an alleged breach of warranty. The defendants denied the sale, and also relied on the statute of limitations. Upon this latter defense, the circuit judge instructed the jury to find for the defendants.

It is conceded that the statute is a bar if there was a breach of the warranty as soon as made, and it is further conceded that there was such a breach if the warranty was only that the trees were early harvest apple trees. The argument is, that the defendants warranted that the trees would bear early harvest apples, and that the cause of action arose when the trees bore fruit of a different variety.

The contract, as claimed by the plaintiffs, rests

alone. on the testimony of Andrew Gregory. He says that he bought the trees from defendant Newson, who had been through the plaintiff's orchard and knew the character of his business, telling him that he wanted them for early market and for shipping purposes. Newson said he had the trees, and although they were put up for another man, he could let the plaintiff have them. The witness adds: "I understood from Newson, during the conversation, that the trees were really harvest apple trees, and that they would produce early harvest apples. At the time Newson brought me the trees, I said to him, they don't look like early harvest trees. Newson said he knew they were. I said, if you say so, that settles it." The witness further testified that early harvest apple trees will bear apples when six or seven years old, and that these trees began to bear fruit in 1878 and in 1879, perhaps a few in 1876.

It will be noticed that all that Newson says in the conversation is, that he knew that the trees bought were early harvest trees. The witness "understood from him," without giving his words, that the trees were early harvest apple trees, and that they would produce early harvest apples. What Newson said went only to the character of the trees. Any right of action, either on the ground that the trees were not what they were represented to be, or that the representation amounted to a warranty and that there was a breach thereof, would be barred by the statute of limitations. The warranty, conceding that a warranty was intended, would be in the present tense, and broken

14—VOL. 6.

as soon as made: *Goodloe* v. *White*, 9 Hum., 528. The action can, therefore, only be sustained upon the assertion of the plaintiff that he understood, during the conversation with Newson, that the trees would produce early harvest apples, treated as a warranty of the production of apples at a future time, when the trees had sufficiently matured to bear fruit. No special form of words is necessary to create a warranty. If the vendor, in a sale of chattels, make any assertion or affirmation, which is not a mere expression of judgment or opinion, respecting the kind, quality or condition of the article sold, upon which he intends that the purchaser shall rely as an inducement to the purchase, and upon which the purchaser does rely, it is a warranty, provided it appear in evidence that it was so intended: *Pasley* v. *Freeman*, 3 Term Rep., 57. A warranty must be proved, either positively or circumstantially, and any words showing the intention of the parties that there should be a warranty will suffice, the existence of the intention being a question of fact for the determination of the jury: *McGregor* v. *Penn*, 9 Yer., 74. And a warranty may be made of a future event: *Williams* v. *Hurt*, 2 Hum., 68; *Allen* v. *Todd*, 6 Lansing, 222; *Eden* v. *Parkison*, 2 Doug., 735; Benj. on Sales, sec. 623.

His Honor, the circuit judge, was of opinion that, if the jury found as a fact that the defendants represented the trees "to be early harvest apple trees, and that they would produce early harvest apples," and should further find that the representations were warranties, it was his duty to construe them, and he

construed the two clauses as meaning the same thing, "or at least as meaning that the trees sold were fruitful early harvest apple trees." "This being so," says his Honor, "if the trees were not early harvest apple trees, the representation was false, the warranty was broken as soon as made, and a cause of action at once accrued. And it being admitted by the plaintiffs that more than six years elapsed from the date of such warranty and breach before action commenced, it cannot now be maintained. I, therefore, instruct you to return a verdict in favor of defendants."

The duty of the judge, under our Constitution, is to state the evidence when necesary, and tell the jury what the law would be if the facts thus stated to be evidence were proved to their satisfaction. It was, therefore, error for the judge to tell the jury to find a verdict for one of the parties. He should have instructed them upon the principles of the law, and left them to find the facts: *Robinson* v. *Railroad*, 2 Lea, 596. If he had done so in this case, the jury might have found, as contended for by the defendants, that there was no sale, or no warranty. The error was, however, in favor of the plaintiffs so far as the charge assumed the sale to be proved, and that the words were uttered, and intended as a warranty; and they cannot complain, if his Honor's construction of them is correct. For, where the facts are ascertained, the court declares the law: *Claxton* v. *State*, 2 Hum., 181; *Whirley* v. *Whitman*, 1 Head, 610; *Guyoso Gas Co.* v. *Williamson*, 9 Heis., 315, 341. In this view, a new trial would be of no avail: *Robinson* v. *L. & N.*

R. Co., 2 Lea, 594; *Farquhar* v. *Toney*, 5 Hum., 502; *Graham* v. *Bradley*, 5 Hum., 476.

If, then, it be taken as the finding of the jury, that the defendants represented the trees "to be early harvest apple trees, and that they would produce early harvest apples," and intended them as a warranty, what construction would the law put upon the words? Do they embody a present warranty, or a warranty of a future event? Taking the language in connection with the circumstances, we think the meaning to be, that the trees are of the character represented and are of such quality that they may be relied on to bear fruit. In other words, that the trees are what we sell them for, and good articles of the kind.

There is nothing in the circumstances, and not enough in the words, to show that a future warranty was intended, to become effective after the lapse of years. There should be something more to establish so unusual a warranty. A vendor might be willing to warrant his wares, if it was incumbent upon the vendee to examine into the matter with reasonable diligence, and his language ought not to be strained to throw upon him a liability in the distant future.

The contract sought to be established in this case is probably also within the fifth section of the statute of frauds, because not to be performed within the space of one year from the making thereof: Code, sec. 1758, sub-sec. 5. The plaintiff proves that such trees as those bought would not usually bear fruit in six or seven years, and that these particular trees did not produce until from five to seven years after he bought.

The object of the fifth section of the statute of frauds was to prevent the proof of verbal agreements, where, from the lapse of time, the witnesses might not recollect the precise terms. of the agreement. Where the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time, are that the contract shall not be executed within the year, and the period of execution cannot possibly occur in the natural course of events within that period, the statute applies: *Boydell* v. *Drummond*, 11 East, 155; *Deaton* v. *Tennessee Coal and Railroad Co.*, 12 Heis., 650. As the other point is, however, conclusive of the case, we need not pursue this branch of the subject.

Affirm the judgment.